**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 4:06 CR 143** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Judge Peter C. Economus** |
| ) | |
| **JUISONE HIGHTOWER,** ) | |
| ) | |
| **Defendant.** ) | **ORDER** |

On January 23, 2007, the Defendant, Juisone Hightower, was sentenced to twenty-six (26) months imprisonment, followed by three (3) years of supervised release, for Felon in Possession of a Firearm, a Class C Felony. His supervised release commenced on December 11, 2008.

On or about February 28, 2010, the U.S. Pretrial Services and Probation Office submitted a violation report alleging the following violations of the terms of supervised release:

**1. Law Violation -** On 02/10/2010, the offender was sentenced to 180 days in jail in Mahoning County Court #4 case 09CRA1341 for Possession of Drugs (M-1).

The matter was referred to Magistrate Judge George J. Limbert to conduct the appropriate procedures and supervised release revocation hearing, if necessary. A summons was issued and an initial appearance upon alleged supervised release violations was scheduled for June 4, 2010. At the initial appearance Defendant denied the violations, and a revocation of supervised release hearing was scheduled for June 10, 2010.

The Defendant appeared before the Magistrate Judge for a violation hearing on June

10, 2010, and was represented by counsel Joe Gardner. The Defendant admitted to violation 1 as charged in the February 18, 2010 report. The Magistrate Judge has issued a report and recommendation, recommending that this Court find that the Defendant has violated the conditions of his supervised release.

The Court has reviewed the Magistrate's report and recommendation and finds that it is well-supported. The Defendant has admitted violation 1 as charged in the Probation Office's February 18, 2010, violation report. As a result, the Court finds that the Defendant has violated the terms of his supervised release.

The Court has considered the statutory maximum sentence of two years pursuant to 18 U.S.C. § 3583(e)(3). The Court has also considered the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines prior to imposing sentence. The guideline range is 6-12 months pursuant to U.S.S.G. § 7B1.4(a). Furthermore, the Court has considered the factors for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d).

The Court hereby **ADOPTS** the Magistrate's Report and Recommendation. (Dkt. # 41). Based on this Court's review of all relevant factors, the Court hereby orders that the Defendant shall continue his current term of supervised release.

**IT IS SO ORDERED.**

Issued: July 15, 2010               s/ Peter C. Economus
                                    PETER C. ECONOMUS
                                    UNITED STATES DISTRICT JUDGE